UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

MICHAEL TAYLOR,

                              Petitioner,

     -against-                                          1:07-CV-00967
                                                          (LEK)

UNITED STATES OF AMERICA,

                              Respondent.

_____

## **ORDER**

### I. DISCUSSION

Petitioner Michael Taylor submitted the instant 28 U.S.C. § 2255 Petition challenging the

legality of his November 9, 1989 conviction under 18 U.S.C. § 924(c) for carrying a firearm in

furtherance of a drug trafficking offense.  See Motion (Dkt. No. 1) at 3.  Petitioner has already

received habeas review of this conviction several times.  See Dkt. No. 10, Case No. 96-CV-1794;

Dkt. No. 3, Case No.00-CV-131; Dkt. No. 44, Case No. 00-CV-796; Dkt. No. 8, 02-CV-486; Dkt.

No. 4, 02-CV-1044; Dkt. No. 3, Case No. 02-CV-904; Dkt. No. 72, 02-CV-1794.  Following several

Orders denying his habeas petitions, Petitioner also exhausted the available post-judgment

procedures for review.  Petitioner has alleged no intervening development that suggests the outcome

of his § 2255 Petition should be any different from the Court's previous Orders on this subject.

Moreover, Petitioner was not granted leave to file a second or successive habeas corpus application

from the Second Circuit Court of Appeals.  In fact, he was denied such leave by the Second Circuit

on, among other occasions, March 30, 2007 (Dkt. No. 67, Case No. 96-CV-1794) and September

25, 2007 (Dkt. No. 72, Case No. 96-CV-1794).

1

Under 28 U.S.C. § 2255, a second or successive habeas corpus petition "must be certified as provided in section 2244 by a panel of the appropriate court of appeals...." 28 U.S.C. § 2255(h). Absent this certification, a district court is not required to entertain an application for a writ of habeas corpus when the movant previously had the legality of the detention determined by a federal court. 28 U.S.C. § 2244(a). Because Petitioner has already availed himself of the habeas review to which he is entitled without leave from the Second Circuit and has failed to obtain such leave, and because the Court sees no merit to the current § 2255 Motion, the Court will not provide further consideration of the current Petition. For a more detailed discussion of the grounds upon which this Petition is denied, see the Orders referenced above.

Petitioner also filed an application for an order to show cause why he should not be released on bail pending disposition of the present 28 U.S.C. § 2255 Motion. The application is mooted by the present Order.


## II. CONCLUSION

Accordingly, it is hereby

**ORDERED,** that Petitioner's application for a show cause hearing is **DENIED**; and it is further

**ORDERED,** that Petitioner's 28 U.S.C. § 2255 Petition (Dkt. No. 1) is **DENIED** and the present action is **DISMISSED**; and it is further

**ORDERED,** that Petitioner is hereby prohibited from filing any additional papers with the U.S. District Court, Northern District of New York, without obtaining prior written approval from the Court; and it is further

**ORDERED,** that the Clerk shall close the docket for this Petition (1:07-CV-00967); and it is further

**ORDERED,** that the Clerk serve a copy of this Order on the parties by regular mail.

**IT IS SO ORDERED**.

DATED:          March 20, 2008
               Albany, New York

_____
        Lawrence E. Kahn
        U.S. District Judge

3